**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000082**
**29-MAY-2020**
**08:17 AM**

NO. CAAP-19-0000082

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KENNETH BEATY, ALSO KNOWN AS CANDISE DAY,
LAKENYA LOVE AND TONY ANN LOVE,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC16-1-001025)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Kenneth Beaty, (**Beaty**),[1] appeals from the January 8, 2019 "Judgment of Conviction and Sentence" entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]  A jury convicted Beaty of Theft in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-831(1)(b) (2014).[3]  The Circuit Court sentenced Beaty to an indeterminate term of imprisonment of five years with a lesser mandatory minimum of one hundred and thirty-three days.

---

[1]  Beaty is a transgendered individual and at trial was referred to as Lakenya Love; therefore, Beaty is identified herein as "she."

[2]  The Honorable Todd W. Eddins presided.

[3]  The offense occurred on June 24, 2016.  The applicable version of HRS § 708-831(1)(b) stated in relevant part: "A person commits the offense of theft in the second degree if the person commits theft: . . . (b) Of property or services the value of which exceeds $300[.]"

On appeal, Beaty contends (1) the Circuit Court erroneously concluded Plaintiff-Appellee State of Hawaiʻi (**State**) established sufficient foundation to support admission of a printed Macy's store receipt (**Receipt**), designated as State's Exhibit 5; and (2) there was a lack of substantial evidence to convict Beaty of shoplifting as defined by the Circuit Court's instruction to the jury.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Beaty's points of error as follows, and affirm.

(1) In Beaty's first point of error she contends the Circuit Court abused its discretion when it admitted the Receipt because the State failed to lay a sufficient foundation that the information on the Receipt regarding the value of the stolen merchandise was accurate.[4]  In theft cases involving shoplifting, HRS § 708-830(8) provides that proof of "[t]he unaltered price or name tag or other marking on goods or merchandise, duly identified photographs or photocopies thereof, or printed register receipts shall be prima facie evidence of value and ownership of such goods or merchandise."  HRS § 708-830(8).[5]

_____

[4]  Beaty also argues, for the first time on appeal, that the State could have laid a sufficient foundation if the Receipt was authenticated pursuant to Hawaii Rules of Evidence Rule 902 (Self authentication).  Because Beaty did not raise authenticity of the Receipt below, this argument is waived.

[5]  HRS § 708-830(8) provides, in relevant part:

> A person commits theft if the person does any of the following:
>
> . . . .
>
> (8) Shoplifting.
>> (a) A person conceals or takes possession of the goods or merchandise of any store or retail establishment, with intent to defraud.
>
> . . . .

(continued...)

Here, the State proffered the Receipt as evidence that the value of the shoplifted merchandise was $882.57 before tax. Joseph Rangel (**Rangel**), an asset protection supervisor for Macy's, testified that he generated the Receipt at a register at which he scanned the items taken by Beaty.  Rangel testified that he received training on how to use Macy's cash registers, and Rangel testified he made sure that any markdowns or discounts were accounted for when he scanned the items, per standard procedure.[6]  Rangel also knew that the cash registers were regularly checked and maintained because he had permitted technicians into the building to perform maintenance on the cash registers.

We conclude Rangel's testimony provided sufficient foundation for admission of the Receipt.  The Circuit Court did not abuse its discretion in admitting the Receipt, and pursuant to HRS § 708-830(8), the Receipt constituted prima facie evidence of the value of the shoplifted items.

(2) Beaty's second point of error alleges that there was no substantial evidence to support the jury's conclusion that Beaty concealed or took possession of Macy's merchandise with the intent of injuring Macy's interest in the merchandise.  "Intent to defraud" is an element of the offense of shoplifting under HRS § 708-830(8) and is defined as: "(1) An intent to use deception

---

[5](...continued)
The unaltered price or name tag or other marking on goods or merchandise, duly identified photographs or photocopies thereof, or printed register receipts shall be prima facie evidence of value and ownership of such goods or merchandise.  Photographs of the goods or merchandise involved, duly identified in writing by the arresting police officer as accurately representing such goods or merchandise, shall be deemed competent evidence of the goods or merchandise involved and shall be admissible in any proceedings, hearings, and trials for shoplifting to the same extent as the goods or merchandise themselves.

[6]  The record includes photos of the tagged merchandise, which were entered into evidence without objection.  Although the prices on each tag is not clearly visible in the photos, Rangel testified the tags on the recovered merchandise were the tags he scanned at the cash register.

to injure another's interest which has value; or (2) Knowledge by the defendant that the defendant is facilitating an injury to another's interest which has value."  HRS § 708-800 (2014).

"It is an elementary principle of law that intent may be proved by circumstantial evidence; that the element of intent can rarely be shown by direct evidence; and it may be shown by reasonable inference arising from the circumstances surrounding the act."  State v. Silva, 67 Haw. 581, 587, 698 P.2d 293, 297 (1985) (quoting State v. Yabusaki, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977)).

Here, Rangel observed Beaty select numerous items and conceal them in a large duffle bag, and Beaty did not dispute at trial the fact that she took the merchandise.  When Beaty was stopped after she exited Macy's, Beaty told Rangel that Rangel "could just take [Macy's] stuff back and let her go", from which the jury could infer that Beaty intended to take possession of Macy's merchandise but when she was caught, she told Rangel to take the merchandise back to avoid criminal prosecution.  In addition, the testimony by Rangel about his observations and video surveillance of Beaty's selection of merchandise was sufficient to show Beaty was aware that the items she took had value.  Many of those items could reasonably be identified as having significant retail value (e.g., Beaty's selection of name brands such as Coach and Michael Kors).  Lastly, Rangel observed Beaty enter the fitting room with a "collection of merchandise slung over her right arm with the hangers and such, tags."  Once Rangel checked the fitting room after Beaty left it, Rangel saw that only "a bunch of empty hangers and tags" remained, "no clothing at all," which sufficiently demonstrates Beaty's intentional use of deception to injure Macy's interest by concealing the clothing in her duffle bag while she was in the fitting room and attempting to leave Macy's without paying for any of the merchandise.  The evidence was sufficient to support the jury in finding, *inter alia*, that Beaty intended to injure the interest of Macy's in the merchandise.

4

When an appellate court passes on the legal sufficiency of evidence to support a conviction, the evidence must be considered in the strongest light for the prosecution.  State v. Silver, 125 Hawaiʻi 1, 5, 249 P.3d 1141, 1145 (2011) (quoting State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007)).  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Id. (quoting Matavale, 115 Hawaiʻi at 157-58, 166 P.3d at 330-31.) "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  Id. (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992) (brackets omitted)).  Here, the jury's conclusion that Beaty possessed the requisite state of mind to commit the charged offense was supported by substantial evidence.

Therefore, IT IS HEREBY ORDERED that the "Judgment of Conviction and Sentence" entered on January 8, 2019, by the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 29, 2020.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/S/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge